A00A1357. WALKER v. THE STATE.
(538 SE2d 563)

BLACKBURN, Presiding Judge.

Following a jury trial, Harden Millard Walker appeals his convictions for false imprisonment and pandering by compulsion, contending that the evidence was insufficient to support the verdict and that the State failed to prove venue. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Walker] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*.[1] See *Jackson v. Virginia*.[2]

Viewing the evidence in this light, the record shows that S. S., a 15-year-old girl, ran away from home in October 1996. While staying at the house of an acquaintance, S. S. met Walker, who drove her and another woman to the mall. During this outing, Walker abandoned the other woman who had exited his van briefly, and he drove away with S. S. Walker took S. S. to a hotel, where he had sex with her. S. S. told Walker that she wanted to leave and go back to her friend's house, but Walker told her that she could not go.

Walker then explained to S. S. that he intended to "put her in the game" and that she "was going to have to start prostituting for him."

[9] OCGA § 24-2-3 (a).
[1] *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

When S. S. initially refused, Walker threatened to kill her if she did not comply with his wishes. S. S. then began prostituting for Walker. During this time, she and Walker lived in his van, often frequenting Stewart Avenue in search of johns. During this time, Walker forced S. S. to pose nude for one of his friends and have sex with others. Walker even attempted to sell S. S. like chattel to a friend of his for $500. At one point, when S. S. talked to a man he did not like, Walker threatened to cut her face, stab her to death with a screwdriver, and throw her in the Chattahoochee River. S. S. testified repeatedly that she did not try to get away from Walker because she was afraid of him.

On the night of October 15, 1996, Sergeant Traylor was policing an area of Stewart Avenue in Fulton County when S. S. approached him. S. S. offered to have sex with Traylor for a price. She informed Traylor, however, that she would first have to obtain Walker's approval, which she did. Then, Traylor arrested both S. S. and Walker. Shortly after her arrest, S. S. explained to Traylor that Walker had beaten her, forced her to be his prostitute, and would not let her leave.

1. Walker erroneously contends that the evidence was insufficient to support his conviction for false imprisonment. "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41. There is ample evidence in this case that Walker illegally confined S. S. to his van, threatening to kill her if she disobeyed his orders. As such, the evidence supports the verdict for false imprisonment. See *Jackson*, supra.

2. Walker also erroneously contends that the evidence was insufficient to support his conviction for pandering by compulsion. "A person commits the offense of pandering by compulsion when he by duress or coercion causes a female to perform an act of prostitution." OCGA § 16-6-14. In this case, S. S. testified that, when she attempted to refuse to act as Walker's prostitute, he threatened to kill her. This direct testimony clearly supports Walker's conviction. See *Jackson*, supra.

3. Finally, Walker argues that his convictions must be overturned because the State presented no evidence of venue in this case. This argument is patently erroneous. On direct, Sergeant Traylor testified that he arrested Walker and S. S. at 1899 Stewart Avenue, City of Atlanta, Fulton County. Therefore, contrary to Walker's contention, there was testimony establishing venue in this case. See OCGA § 17-2-2 (b). As such, Walker's convictions must stand.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED AUGUST 28, 2000.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.