## A03A1266. HAMMONDS v. THE STATE.
### (587 SE2d 161)

PHIPPS, Judge.

A jury found James Anthony Hammonds guilty of the false imprisonment of K. H., the simple battery of K. H. by "hitting her in the arms, back, and face," and the obstruction of her placing a 911 call. On appeal, Hammonds challenges the sufficiency of the evidence and the court's charge on simple battery. Because there was sufficient evidence to support his convictions and no reversible error in the contested charge, we affirm.

1. Hammonds challenges the sufficiency of the evidence. On appeal from a criminal conviction, this court views the evidence in

the light most favorable to the verdict, and a defendant no longer enjoys the presumption of innocence.[1]

The state presented the testimony of K. H., who had been Hammonds's spouse from November 1999 until August 2000. In October 2000, K. H. went to Hammonds's home to pick up her remaining belongings. Hammonds immediately verbally attacked her and told her that if he could not have her, then no one would. K. H. testified, "[Hammonds] started hitting me over and over and over . . . [i]n the head, the back, just anywhere he could. Then he put a belt around my throat, then put a pillow over my face and it knocked me out. I hyperventilated apparently, next thing I know water is getting splashed into my face." At one point, Hammonds kicked K. H., and she fell to the floor and then rolled onto her stomach, trying to cover her face. Hammonds began stomping K. H. and then straddled her as he continued to hit her. During her ordeal, K. H. tried to call 911, but Hammonds grabbed the telephone and hit her on the head with it. K. H. testified that Hammonds did not allow her to leave until she finally told him what he wanted to hear — that she loved him and that they could start a new life together. Twenty-six hours had passed. The beating left K. H. with three fractured ribs, two broken ribs, a black eye, a "knot" on her forehead, a "torn" ear, and a hand so bruised and swollen that her jewelry had to be cut off. The state introduced into evidence pictures of the injuries to K. H.'s face, arms, and leg.

Hammonds contends that the evidence was insufficient to support his convictions, asserting that testimony he presented weakened the state's case against him. This court does not weigh the evidence or determine witness credibility; rather, we determine only whether the evidence was sufficient to enable a rational trier of fact to convict the defendant under the standard set forth in *Jackson v. Virginia*.[2] As long as there is some competent evidence to support each fact necessary to make out the state's case, we will uphold the jury's verdict.[3] Contrary to Hammonds's contention, the state's evidence sufficiently established that he was guilty of simple battery,[4] false imprisonment,[5] and obstruction of a 911 call.[6]

2. Hammonds contends that the court erred in charging the jury on simple battery, arguing that because the court recited the entire

---

[1] *Walker v. State*, 245 Ga. App. 693 (538 SE2d 563) (2000).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Walker*, supra.

[3] *Walker*, supra; *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

[4] OCGA § 16-5-23 (a) (2); see *Jackson*, supra; *Eberhart v. State*, 241 Ga. App. 164, 165-166 (1) (526 SE2d 361) (1999).

[5] OCGA § 16-5-41 (a); see *Jackson*, supra; *Walker*, supra at 694 (1); *Grier*, supra.

[6] OCGA § 16-10-24.3; see *Jackson*, supra; *Weaver v. State*, 256 Ga. App. 573, 574 (1) (568 SE2d 836) (2002).

statutory definition, the jury was permitted to find him guilty of simple battery in a manner not alleged in the indictment.

OCGA § 16-5-23 (a) defines two methods of committing simple battery: (1) intentionally making contact of an insulting or provoking nature, and (2) intentionally causing physical harm to another. The former contemplates a touching that does not result in injury, but is nonetheless insulting or provoking in character; the latter contemplates a touching that goes beyond insult to the infliction of pain or physical injury.[7] Hammonds was indicted for simple battery only by causing K. H. physical harm. Yet the court instructed the jury that it was "charg[ing] the definition of [simple battery] as it is contained in the Official Code of Georgia Annotated 16-5-23." It proceeded: "A person commits simple battery when that person, either A intentionally makes physical contact of an insulting or provoking nature with the person of another, or, B, intentionally causes physical harm to the other."

When an indictment specifies the commission of a crime by only one of several methods possible under the statute, but the court charges the entire Code section, the deviation may violate due process unless a limiting instruction is given.[8] Jury instructions must be read and considered as a whole.[9] And if the instructions sufficiently limited the jury's consideration to the elements of the offense as charged in the indictment such that no reasonable possibility exists that the jury could have convicted the defendant of committing the crime in a manner not alleged in the indictment, no reversible error occurred.[10]

In this case, although the court recited the entire statutory definition of simple battery, it charged the jury that it should find Hammonds guilty if it believed that he had committed simple battery "as alleged in the indictment." The court instructed the jury that Hammonds had been indicted for simple battery by "unlawfully and intentionally caus[ing] physical harm to [K. H.], by hitting her in the arms, back and face." And the indictment went out with the jury to aid it in deliberations. Under the circumstances of this case, there is no reasonable possibility that the jury was misled and confused and thus convicted Hammonds of simple battery in a manner not alleged in the indictment.[11] No reversible error occurred.

---

[7] *Lyman v. State*, 188 Ga. App. 790, 791 (2) (374 SE2d 563) (1988); *Dinnan v. State*, 173 Ga. App. 191, 196 (2) (325 SE2d 851) (1984).

[8] *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995); *Bryant v. State*, 249 Ga. App. 383, 384 (1) (547 SE2d 721) (2001).

[9] *Bryant*, supra.

[10] *Dukes*, supra; *Bryant*, supra.

[11] See *Bryant*, supra; compare *Dukes*, supra at 423-424; *Lyman*, supra at 791-792; *Dinnan*, supra.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 28, 2003.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.