[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12420
Non-Argument Calendar

_____

BIA No. A70-952-769

MIGUEL ANGEL HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 18, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Miguel Angel Hernandez petitions for review of a final order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of an Immigration Judge ("IJ") finding him removable as an aggravated felon on the basis of his simple battery conviction in Georgia. After review, we deny the petition.

## I. BACKGROUND

Hernandez, a native and citizen of Mexico, entered the United States as a lawful permanent resident in September 2004. In 2005, in the State Court of Gwinnett County, Georgia, Hernandez was convicted of one count of simple battery, in violation of Ga. Code Ann. § 16-5-23(a)(2). Section 16-5-23(a)(2) provides that "[a] person commits the offense of simple battery when he or she . . . [i]ntentionally causes physical harm to another." Ga. Code Ann. § 16-5-23(a)(2). According to his Georgia indictment and conviction, Hernandez was convicted of having unlawfully and intentionally caused physical harm to Minerva Garcia Islas, in violation of Ga. Code Ann. § 16-5-23(a)(2).

The state court sentenced Hernandez to twelve months' imprisonment. The state court credited Hernandez with six days of time served and ordered Hernandez to serve the remainder of his twelve-month sentence on probation, subject to various conditions.[1] In December 2005, due to a violation of his probation

---

[1]Among the conditions of Hernandez's probation was a requirement that he have "no violent contact with" Ms. Islas.

2

conditions, the state court revoked Hernandez's probation. In its probation revocation order, the state court ordered Hernandez to serve twenty-two days in the Gwinnett County jail and continued the remainder of Hernandez's probation with the further requirement that Hernandez enroll in anger management.

In October 2006, the Department of Homeland Security ("DHS") issued Hernandez a Notice to Appear ("NTA"). The NTA charged Hernandez with, inter alia, removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony—a "crime of violence" for which the term of imprisonment imposed was at least one year. See 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii); 18 U.S.C. § 16.

Before the IJ, Hernandez admitted that: (1) he was a native and citizen of Mexico; (2) he was admitted to the United States as a lawful permanent resident in September 2004; and (3) he was convicted of simple battery in Georgia in March 2005. Hernandez nevertheless denied removability on two grounds. First, Hernandez argued that his simple battery conviction under Ga. Code Ann. § 16-5-23(a)(2) did not meet the relevant definition of a "crime of violence" because his conviction was not for "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Second, Hernandez argued that his term of imprisonment on his conviction was not at least one year because the state court, in revoking his

3

probation, changed his sentence from twelve months to twenty-two days.

The IJ rejected Hernandez's arguments and ordered Hernandez removed to Mexico. On appeal, the BIA rejected Hernandez's arguments, determining that: (1) his simple battery conviction under Ga. Code Ann. § 16-5-23(a)(2) constituted a "crime of violence" under 18 U.S.C. § 16(a); and (2) he remained sentenced to twelve months' confinement for simple battery, "regardless of any additional sentence due to the revocation of probation."

Hernandez timely filed his petition for review in this Court.

## II. STANDARD OF REVIEW

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA issued its own decision and relied on the IJ's findings, we will review both decisions. See id.

To the extent that the BIA's or the IJ's decisions were based on legal determinations, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the BIA's and the IJ's factual determinations under the substantial evidence test. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).

## III. DISCUSSION

### A. Jurisdiction

As a preliminary matter, we must inquire into subject matter jurisdiction sua sponte whenever it may be lacking. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005). The text of 8 U.S.C. § 1252(a)(2)(C) provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)." 8 U.S.C. § 1252(a)(2)(C).

However, the REAL ID Act of 2005 in turn provides that "[n]othing in [8 U.S.C. § 1252(a)(2)(C)] . . . shall be construed as precluding review of constitutional claims or questions of law." REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) (codified at 8 U.S.C. § 1252(a)(2)(D)). Moreover, in Balogun v. United States Attorney General, 425 F.3d 1356, 1359-60 (11th Cir. 2005), this Court determined that the question of whether a conviction qualified as an aggravated felony under a different immigration provision was a question of law within our jurisdiction. Accordingly, we conclude that we have subject matter jurisdiction to review Hernandez's claims in his petition that his state conviction was not an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).

B.    **"Crime of violence"**

As discussed, an alien who has been convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes

5

a "crime of violence," as defined by 18 U.S.C. § 16, for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). As relevant to this case, 18 U.S.C. § 16 defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[2] In order to determine whether Hernandez's simple battery conviction qualifies as a "crime of violence" under 18 U.S.C. § 16(a), we must look to the "elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." Leocal v. Ashcroft, 543 U.S. 1, 7, 125 S. Ct. 377, 381 (2004).

Georgia's simple battery statute in § 16-5-23(a) provides that "[a] person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." Ga. Code Ann. § 16-5-23(a)(1)-(2). Georgia courts have interpreted this language to require actual physical contact for a simple battery conviction under either prong of the statute. See Hammonds v. State, 587 S.E.2d 161, 163 (Ga. Ct. App. 2003) (stating that § 16-5-23(a)(1) "contemplates a touching that does not result in injury, but is nonetheless insulting or provoking in character," while § 16-5-23(a)(2)

---

[2]The government concedes that Hernandez's simple battery conviction is not a "crime of violence" under 18 U.S.C. § 16(b), which provides an alternate definition for the term.

6

"contemplates a touching that goes beyond insult to the infliction of pain or physical injury"); McKinney v. State, 463 S.E.2d 136, 139 (Ga. Ct. App. 1995) ("Physical contact is required for a simple battery but not for aggravated assault."); Lyman v. State, 374 S.E.2d 563, 565 (Ga. Ct. App. 1988) (stating that § 16-5-23(a)(2) "concerns the intentional causation of physical harm, a touching which goes beyond insult to the infliction of pain"); Anderson v. State, 317 S.E.2d 877, 878 (Ga. Ct. App. 1984) (stating that a simple battery conviction under § 16-5-23 "requires physical contact"); Tuggle v. State, 244 S.E.2d 131, 133 (Ga. Ct. App. 1978) (same).

While we have not addressed § 16-5-23(a)(2), this Court has held that a conviction under § 16-5-23(a)(1) constitutes a "crime of violence" under 18 U.S.C. § 922(g). See United States v. Griffith, 455 F.3d 1339 (11th Cir. 2006), cert. denied, __ U.S. __, 127 S. Ct. 2028 (2007). Section 922(g)(9) makes it unlawful for any person who had been convicted of "a misdemeanor crime of domestic violence" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(9); Griffith, 455 F.3d at 1340-41. Although not an immigration case, Griffith is relevant here because a "crime of domestic violence" for purposes of § 922(g)(9) is defined to include an offense, inter alia, that "(ii) has, as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A). This is essentially the same definition of a "crime of violence" as in 18 U.S.C. § 16(a), the immigration statute

7

at issue here.  In Griffith, this Court discussed whether physical contact necessarily involves physical force and held that "[a] person cannot make physical contact—particularly of an insulting or provoking nature—with another without exerting some level of physical force."  Griffith, 455 F.3d at 1342.  In so holding, the Griffith Court expressly declined to insert the requirement of "violent" force before the words "physical force" in the statutory definition of "crime of violence" and concluded that the simple physical contact made illegal by § 16-5-23(a)(1) satisfied the "use of physical force" definition of a "crime of violence" in § 921(a)(33)(A).  Id.[3]

Here, Hernandez's simple battery conviction required more than simple physical contact with the victim; it required intentionally causing physical harm to the victim through physical contact.  See Hammonds, 587 S.E.2d at 163.  Given that Georgia courts have interpreted § 16-5-23(a)(2) as requiring actual physical contact that inflicts pain or injury, and in light of Griffith, we conclude that Hernandez's conviction under § 16-5-23(a)(2) constitutes a "crime of violence."

Our conclusion is bolstered by our decisions in United States v. Llanos-Agostadero, 486 F.3d 1194 (11th Cir. 2007), and Hicks v. Moore, 422 F.3d 1246

---

[3]In Griffith, this Court declined to follow Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003), relied upon by Hernandez along with Ortega-Mendez v. Gonzales, 450 F.3d 1010 (9th Cir. 2006), for the proposition that a statute must require "violent" force in order to qualify as a "crime of violence" under 18 U.S.C. § 16(a).  See Griffith, 455 F.3d at 1345.

8

(11th Cir. 2005). In <u>Llanos-Agostadero</u>, this Court considered whether it was proper for a defendant to receive a 16-level enhancement under the federal sentencing guidelines for having committed a "crime of violence" when the defendant's prior conviction was for the Florida crime of "aggravated battery on a pregnant woman." <u>Llanos-Agostadero</u>, 486 F.3d at 1196. Notably, in <u>Llanos-Agostadero</u>, the sentencing enhancement defined the term "crime of violence" just as it is defined in 18 U.S.C. § 16(a): an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Id.</u> (quoting U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iii)). Moreover, we stressed in <u>Llanos-Agostadero</u> that the Florida crime of "simple battery" is an essential element of the offense of "aggravated battery on a pregnant woman," and that a defendant commits "simple battery" under Florida law when he either "[1] actually and intentionally touches or strikes another person against the will of another; or . . . [2] intentionally causes bodily harm to another person." <u>Id.</u> at 1197 (quoting Fla. Stat. § 784.03(1)(a)). In other words, the second subpart of the Florida simple battery statute is essentially identical to the second subpart of the Georgia simple battery statute—the subpart under which Hernandez was convicted.

The <u>Llanos-Agostadero</u> Court, citing our earlier decision in <u>United States v. Glover</u>, 431 F.3d 744 (11th Cir. 2005), concluded that:

the offense of aggravated battery on a pregnant woman under Florida

9

> law has as an element that the defendant commit simple battery, and there is no persuasive reason why simple battery on a law enforcement officer is a "crime of violence," as this court held in Glover, 431 F.3d at 749, while simple battery on a pregnant woman (which constitutes aggravated battery) is not.

Id. at 1198 (internal citation omitted).  The Llanos-Agostadero Court did not distinguish between the two ways in which one can commit simple battery in Florida, thereby indicating that "intentionally caus[ing] bodily harm to another"—language virtually identical to the Georgia statute at issue here—constitutes a "crime of violence" in this circuit.  Id. at 1197-98; see also Glover, 431 F.3d at 749 (reciting both ways a defendant can commit simple battery in Florida, including "[i]ntentionally caus[ing] bodily harm to another," and concluding that Florida battery on a law enforcement officer constitutes a "crime of violence" under the federal sentencing guidelines).

Our Hicks decision is also noteworthy.  In Hicks, this Court considered, inter alia, whether a plaintiff's constitutional rights were violated when she was strip searched at a Georgia jail.  The Court noted that the plaintiff was arrested and charged with the Georgia crime of family violence battery, "the elements of which are 'intentionally caus[ing] substantial physical harm or visible bodily harm' to a 'past or present spouse.'"  Hicks, 422 F.3d at 1252 (quoting Ga. Code Ann. § 16-5-23.1) (alteration in original).  The Court then held that the strip search of the plaintiff "violated no constitutional right," because the crime with which she was

10

charged "is <u>obviously one of violence</u>. We accept that a person's being charged with a crime of violence is sufficient to evoke reasonable suspicion that the person may be concealing weapons or contraband." <u>Id.</u> at 1252-53 (emphasis added). While <u>Hicks</u> was not a § 16(a) immigration case, there is no meaningful distinction between the relevant elements of Georgia simple battery and Georgia family violence battery, and the <u>Hicks</u> Court unambiguously classified Georgia family violence battery—intentionally causing substantial physical harm or visible bodily harm—as an "obvious crime of violence." <u>Id.</u> at 1252.

In light of <u>Griffith</u>, <u>Llanos-Agostadero</u>, <u>Glover</u>, and <u>Hicks</u>, we conclude that Hernandez's simple battery conviction under Ga. Code Ann. § 16-5-23(a)(2), for "[i]ntentionally caus[ing] physical harm to another," constitutes a "crime of violence" under 18 U.S.C. § 16(a). The clear weight of precedent compels this conclusion, and we reject Hernandez's arguments to the contrary.[4]

## C.   Twelve months' imprisonment

---

[4]We recognize that Hernandez argues, <u>inter alia</u>, that he could be convicted of simple battery under § 16-5-23(a)(2) if he put a banana peel in a victim's path, and the banana peel caused the victim to slip, fall, and sustain physical injury or harm. However, to date Georgia courts have interpreted Georgia's simple battery statute as requiring physical contact. <u>See</u> <u>Hammonds</u>, 587 S.E.2d at 163; <u>McKinney</u>, 463 S.E.2d at 139; <u>Lyman</u>, 374 S.E.2d at 565; <u>Anderson</u>, 317 S.E.2d at 878; <u>Tuggle</u>, 244 S.E.2d at 133. We accept the Georgia courts' interpretation of their own battery statute and see no meaningful distinction between subpart (a)(1) and (a)(2) of Georgia's simple battery statute in deciding whether a conviction for simple battery under that Georgia statute is a "crime of violence" under 18 U.S.C. § 16(a). If anything, causing physical harm to a victim under § 16-5-23(a)(2) is even more clearly a "crime of violence" than a simple physical touching of an insulting or provoking nature under § 16-5-23(a)(1).

11

Hernandez also contends that he was not convicted of an aggravated felony because he was not sentenced to at least twelve months' imprisonment on his simple battery conviction. Although Hernandez acknowledges that he was initially sentenced to twelve months' confinement for the offense in question, he contends that when his probation was revoked, he was "resentenced" and given an "entirely new sentence" of twenty-two days in prison. The order revoking Hernandez's probation states otherwise.

The order revoking Hernandez's probation indeed states that Hernandez's probation was revoked and that he was to serve twenty-two days in the Gwinnett County jail. However, the order also provides that Hernandez's probation was "[c]ontinued, under supervision, subject to the further provision[s]" that Hernandez be: (1) given credit for time served; (2) "released instanter"; (3) enrolled in anger management; and (4) given a status check in sixty days. Probation Revocation Order of Dec. 2, 2005 (emphasis added). Because the order revoking Hernandez's probation makes clear that Hernandez was not given a "new sentence" of less than twelve months' imprisonment, but that his probation was continued, we cannot say that the BIA erred when it concluded that Hernandez was removable as an alien convicted of a "crime of violence" for which the term of imprisonment imposed was at least one year.

## IV. CONCLUSION

For the foregoing reasons, we deny Hernandez's petition for review.

**PETITION DENIED.**