[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

No. 08-12989
Non-Argument Calendar
_____

Agency Nos. A98-428-750
A98-428-751

MARTA ROSIBEL ALAS-LEYVA,
CESAR ENRIQUE ALAS-LEYVA,
ROBERTO CARLOS ALAS-LEYVA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 29, 2008)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Marta Rosibel Alas-Leyva, now <u>pro se</u>, and her two minor sons, Cesar Alas

Leyva and Roberto Carlos Alas Leyva,[1] seek review of the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") order finding them removable and denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After careful review, we deny the petition.

When considering a petition to review a BIA final order, we review legal issues de novo. Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotations omitted). "To reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). We review only the BIA decision, except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar, 257 F.3d at 1284. Here, the BIA did not expressly adopt the IJ's order, so we review the BIA's order.

_____

[1] Because Alas-Leyva's sons' applications were derivatives of Alas-Leyva's asylum application, our discussion of Alas-Leyva's claims on appeal is also applicable to her sons.

We first find no merit to Alas-Leyva's argument that the BIA erred in denying her application for asylum and withholding of removal. An alien may obtain asylum if she is a "refugee," 8 U.S.C. § 1158(b)(1)(A), which is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). An alien may establish eligibility for asylum if she shows that she has suffered either "past persecution" or has a "well-founded fear" of future persecution. 8 C.F.R.§ 208.13(b); Chen v. U.S. Att'y Gen., 513 F.3d 1255, 1257 (11th Cir. 2008). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007) (quotations and emphasis omitted). A well-founded fear may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable probability of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which she is a part. 8 C.F.R. § 208.13(b)(1), (2).

3

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," see 8 U.S.C. § 1101(a)(42), we have said that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotations and brackets omitted). Menacing telephone calls and threats do not rise to the level of persecution. See id.

An alien is entitled to withholding of removal under the INA if she can show that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003); see also 8 U.S.C. § 1231(b)(3). This standard is more stringent than the "well-founded fear" standard for asylum; thus, if an applicant is unable to meet the "well-founded fear" standard, she necessarily is unable to qualify for withholding of removal or deportation. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Alas-Leyva argues that she is entitled to asylum and withholding of removal because her life was in danger in El Salvador. Specifically, she says that her father made enemies by expressing his political opinion and affiliation in public, and that an individual named Blue threatened her life in January 2004 and thereafter continued to harass her by banging on the roof of her home. We disagree. The

4

BIA acknowledged that while Alas-Leyva was a credible witness, her testimony was vague, and at times contradicted itself. For example, Alas-Leyva testified at one point that she had moved to live with her grandparents in Apopa after Blue began threatening her, but also testified that Blue first threatened her in 2004, and that she spent the last ten years of her time in El Salvador living in San Martin. Moreover, even taking all of Alas-Leyva's testimony as true, the occurrences she mentioned are not "extreme" enough to be considered persecution. Blue's threats against Alas-Leyva were verbal; at no time did he physically harm Alas-Leyva or any member of her family; Alas-Leyva testified that Blue threatened her only ten times over a six-month period; and the harassment consisted of people knocking on her door and stomping on her roof. We have held that "a few isolated incidents of verbal harassment or intimidation do not demonstrate past persecution." Meija v. U.S. Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007) (quotations omitted); see also Sepulveda, 401 F.3d at 1231 (finding that an asylum applicant had not suffered past persecution despite evidence that the restaurant at which she had worked was bombed, and she had received death threats). Thus, the BIA's determination that Alas-Leyva did not suffer past persecution is supported by substantial evidence.

Alas-Leyva also failed to establish a well-founded fear of future persecution. As an initial matter, since she did not suffer past persecution, there is no

presumption that she will suffer future persecution. Furthermore, Alas-Leyva established that Blue is the only individual she fears in El Salvador, and as noted above, Blue's past actions did not constitute persecution. Although Blue verbally threatened Alas-Leyva over a period of six months, he never attempted to physically harm her, and there is no evidence that he will do so upon her return to El Salvador, more than four years later. In addition, since Alas-Leyva has failed to establish either past persecution or a well-founded fear of future persecution, she has necessarily failed to prove that she is entitled to withholding of removal relief. See Forgue, 401 F.3d at 1288 n.4.

We likewise reject Alas-Leyva's claim that the BIA erred in denying her application for CAT relief. When seeking CAT relief, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "The burden of proof for an applicant seeking withholding of removal under the Convention, like that for an applicant seeking withholding of removal under the statute, is higher than the burden imposed on an asylum applicant." Al Najjar, 257 F.3d at 1303. Thus, a petitioner unable to meet the refugee standard for asylum generally cannot meet the higher standard for CAT relief. See id. at 1303-04.

Alas-Leyva has proffered no evidence indicating that she has been tortured in the past or will likely be tortured if she returns to El Salvador. She testified that

6

the only individual in El Salvador that she fears is Blue, but she presented no evidence tending to show that Blue was a public official or acting "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," as is required to establish entitlement to CAT relief. 8 C.F.R. § 208.18(a)(1). Furthermore, because substantial evidence supports the determination that the conduct she was subjected to did not entitle her to asylum, Alas-Leyva also failed to meet the higher standard for CAT relief. See Al Najjar, 257 F.3d at 1303-04. Accordingly, we deny her petition.

**DENIED.**