[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2009
THOMAS K. KAHN
CLERK

No. 08-15769
Non-Argument Calendar

_____

Agency No. A097-197-434

MARIO DAVID AGUSTIN MENDOZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 20, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Mario David Agustin Mendoza petitions for review of the Board of Immigration Appeals's ("BIA's") decision affirming the Immigration Judge's ("IJ's") order finding him removable and denying his application for asylum,

withholding of removal, and Convention Against Torture ("CAT") relief. Agustin argues that the denial of his applications for asylum and withholding of removal, based on his failure to establish past persecution or a well-founding fear of future persecution, are not supported by substantial evidence. After thorough review, we deny the petition.

When considering a petition to review a BIA final order, we review legal issues de novo. Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284. "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar, 257 F.3d at 1284. Here, the BIA did not expressly adopt the IJ's order, so we review the BIA's order.

An alien may establish eligibility for asylum under the Immigration and Nationality Act ("INA") if he shows that he has suffered either "past persecution" or has a "well-founded fear" of future persecution. 8 C.F.R. § 208.13(b); Chen v.

2

U.S. Att'y Gen., 513 F.3d 1255, 1257 (11th Cir. 2008). To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was "at least in part" motivated by race, religion, nationality, membership in a particular social group, or political opinion. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007). A well-founded fear may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of being singled out for persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which he is a part. 8 C.F.R. § 208.13(b)(1), (2), (3)(i).

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). This standard is more stringent than the "well-founded fear" standard for asylum; thus, if an applicant is unable to meet the "well-founded fear" standard, he necessarily is unable to qualify for withholding of removal. Al Najjar, 257 F.3d at 1293.

The record here shows that the BIA did not expressly find Agustin's testimony to be incredible; instead, it found that the inconsistencies in his

3

testimony and a lack of corroborating evidence undermined his testimony, preventing him from meeting his burden of proof on his asylum and withholding claims. Credible testimony of the applicant "may be sufficient to sustain the applicant's burden without corroboration." 8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818-19 (11th Cir. 2004). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

In his brief, Agustin challenges the IJ's adverse credibility determination and asserts that his testimony established that he suffered past persecution, but he wholly fails to address the BIA's determinations regarding (1) the lack of corroborating evidence, and (2) inconsistencies in his testimony. In fact, other than citing the regulatory provisions and out-of-Circuit case law for the basic proposition that uncorroborated but credible testimony may be sufficient to meet an applicant's burden of proof, he makes no further mention of the issue of corroboration and does not explain why corroborating evidence was not needed in his particular case. Thus, Agustin has abandoned any challenge to (1) the BIA's reliance on the inconsistencies in his testimony and (2) the BIA's finding regarding the need to provide corroborating evidence. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that a petitioner abandons an issue if

4

he fails to offer argument on it); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that passing references to an issue are insufficient to raise a claim for appeal, and such issues are deemed abandoned). Because the BIA's decision affirming the IJ's denial of relief was clearly based on Agustin's failure to produce corroborating evidence in support of his weak and inconsistent testimony, and because Agustin has not addressed this issue on appeal, the issue is abandoned, and we are compelled to deny Agustin's petition for review.

Nevertheless, even if Agustin did not abandon his challenge to the BIA's finding regarding the lack of corroborating evidence, he has failed to show that the evidence compels a conclusion contrary to that reached by the BIA. See Farquharson, 246 F.3d at 1320. We determined, in Yang, that the weaker an applicant's testimony, the greater the need for corroborating evidence. See Yang, 418 F.3d at 1201. Although the BIA did not find Agustin incredible, it found his testimony to be weak, in light of the numerous inconsistencies it specifically mentioned in its opinion. As mentioned above, Agustin fails to challenge on appeal the BIA's inconsistency finding. Moreover, because Agustin testified that he had regular contact with his family in Guatemala, it appears that he could have obtained certain corroborating information, such as the three letters Agustin's father received from the Guatemalan government. In light of these facts, the BIA

did not err in determining that Agustin failed to meet his burden of proof with regard to his application for asylum. Because Agustin failed to show that he was entitled to asylum, he also necessarily failed to meet the higher burden of proof required to establish eligibility for withholding of removal. See Al Najjar, 257 F.3d at 1293.

For all of these reasons, we deny Agustin's petition for review.[1]

**DENIED.**

---

[1] We also note that Agustin has failed to present on appeal any argument regarding his application for CAT relief, and has thus abandoned any such argument. See Sepulveda, 401 F.3d at 1228 n.2.