[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13602
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2010
JOHN LEY
CLERK

Agency No. A079-428-833

LUDIM SEMPRIT,
a.k.a. Ludim Bastidas,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 20, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Ludim Semprit, a native and citizen of Venezuela, petitions for review of the Bureau of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") order finding her removable and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Semprit argues that the BIA erred in finding that she had failed to show that it was more likely than not that she would suffer future persecution if she returned to Venezuela. For the reasons set forth below, we affirm.

## I.

Semprit was issued a Notice to Appear ("NTA") charging that she was subject to removal under INA § 237(a)(1)(B), as a non-immigrant who remained in the country longer than permitted. She appeared before an IJ, admitted the allegations contained the NTA, and conceded removability.

Semprit subsequently filed an application for asylum, withholding of removal, and protection under the CAT, stating that she feared persecution based on her political opinion and membership in a particular social group. Semprit asserted that she would be harmed if she returned to Venezuela, because she would express her opposition to the government of Hugo Chavez. Semprit also stated that her two children, who were United States citizens, would be persecuted because of their citizenship. Semprit acknowledged that neither she nor her family

2

members had been associated with any organizations or groups in Venezuela, and that neither she nor her family, friends, or colleagues had experienced harm, mistreatment, or threats in Venezuela.

At the removal hearing, Semprit testified that she had not been a member of a political party in Venezuela. However, in 1996 or 1997, while studying at a technical school, Semprit and other students voiced their support of Salas Romer, Chavez's opponent in the presidential race. Semprit would meet with other students every week, discuss the election, and "talk against Chavez." Semprit acknowledged that she was not a leader of the group of students and, when asked whether the group had a name, she responded, "[w]e were opposers." Semprit stated that she voted for Romer in the presidential election. She testified that she had never been physically harmed, arrested, attacked, or kidnaped in Venezuela.

The IJ found that Semprit's asylum application was statutorily barred because it was untimely. The IJ also found that there was no evidence that anyone in Venezuela had any interest in Semprit, or that Semprit's children would be persecuted based on the fact that they were born in the United States. Ultimately, the IJ denied Semprit's applications for asylum, withholding of removal, and CAT relief.

Semprit filed a notice of appeal with the BIA, arguing that the IJ erred in finding that she was ineligible for asylum, denying her applications for

3

withholding of removal and relief under the CAT, and finding that she had failed to show that she would suffer future persecution if she returned to Venezuela. In a brief in support of her appeal, Semprit argued that her eight-year-old son was unable to speak Spanish and would "stand out" in Venezuela and cause others to realize that he was from the United States. Semprit asserted that her children's United States citizenship would subject her family to persecution because "[t]he United States is the shining example of everything the Chavez government is against." Semprit also argued that her plans to participate in political activities opposing the Chavez government would increase the likelihood that she would suffer persecution.

The BIA affirmed the IJ's denial of Semprit's asylum application as untimely. It also found that Semprit failed to establish a nexus between any purported persecution and a protected ground and, therefore, failed to meet her burden of proof on her claim for withholding of removal. The BIA stated that it considered Semprit's belief, that she would be persecuted because of her opposition to Chavez's government or the citizenship of her children, to be "not only too vague and generalized, but highly speculative." It also found that Semprit had abandoned any challenge to the IJ's denial of CAT relief. Accordingly, the BIA dismissed Semprit's appeal.

We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, we review only the BIA's decision, because the BIA did not expressly adopt the IJ's reasoning. When considering a petition to review a BIA final order, we review legal issues *de novo*. *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir.), *cert. denied*, *Hernandez v. Mukasey*, 129 S.Ct. 44 (2008). The BIA's factual findings are reviewed under the substantial evidence test. *Al Najjar*, 257 F.3d at 1283-84. Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284. "To reverse a factual finding by the BIA, we must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

Under the INA, an alien shall not be removed to her country of origin if her life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "The alien bears the burden of demonstrating that it is more likely than not [that] she will be persecuted or tortured upon being returned to her country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th

Cir. 2005) (quotation omitted). If an alien fails to establish past persecution, she is entitled to withholding of removal only if she shows that it is more likely than not that (1) she would be persecuted in the future on account of one of the five enumerated grounds; and (2) she could not avoid this future threat to her life or freedom by relocating, if under all the circumstances it would be reasonable to expect relocation. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006), citing 8 C.F.R. § 208.16(b)(2). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation . . . [m]ere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted).

## III.

In her appellate brief, Semprit challenges only the BIA's denial of withholding of removal. Accordingly, Semprit has abandoned any challenge to the BIA's denial of asylum and CAT relief, and we address only her claim for withholding of removal. *See Sepulveda*, 401 F.3d at 1228 n.2 (noting that, "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

Semprit clearly has failed to establish eligibility for withholding of removal based on past persecution, because in her asylum application and at her removal hearing, Semprit stated that she had not experienced harm, mistreatment, or threats in Venezuela. Semprit has also failed to show that she, more likely than not, would

6

be persecuted if she returned to Venezuela. Semprit testified and stated in her asylum application that she was never involved in any political groups or organizations in Venezuela. In fact, her only involvement in politics prior to leaving Venezuela was voting for Romer and discussing her support for Romer with other students. Semprit was not persecuted or even harassed for these actions and she does not explain why she would be persecuted for similar actions in the future. Furthermore, although Semprit stated that she would be involved in politics upon returning to Venezuela, she did not identify any particular groups or organizations in which she would be involved, or otherwise explain why she would be singled out for persecution.

With respect to Semprit's claims that she and her children would be persecuted because of their American citizenship, Semprit fails to explain why anyone would impute an anti-Chavez political opinion to her simply because her children were born in the United States. Moreover, Semprit provides no evidence that American citizens are persecuted in Venezuela solely because of their citizenship or because of a political opinion that is imputed to them based on their citizenship. Accordingly, because Semprit has failed to show that she, more likely than not, will be persecuted upon returning to Venezuela, we deny her petition for review.

**PETITION DENIED.**

7