[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15922
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2011
JOHN LEY
CLERK

Agency No. A046-440-524

ANDRE BOTES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 4, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Andre Botes appeals the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider its denial of his motion to reopen removal proceedings. On appeal, Botes argues that: (1) we have jurisdiction to review this decision despite the restrictions in Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(C), because the only issue on appeal is whether he is an aggravated felon; and (2) the BIA erred in denying his motion to reconsider because his 12-month sentence, which included periods of both confinement and probation, was not a term of imprisonment of at least one year. After thorough review, we affirm.

We review our subject matter jurisdiction sua sponte. Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). We lack jurisdiction to review a final order of removal against an alien who is removable because he committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Id. (discussing 8 U.S.C. § 1252(a)(2)(C)). However, we retain jurisdiction to determine whether a conviction constitutes an aggravated felony. Id. We review the BIA's denial of a motion to reconsider for abuse of discretion. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008). "To the extent that the BIA's decisions were based on a legal determination," we review de novo. Id.

An alien who has been convicted of an aggravated felony after being admitted to the United States is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated

2

felony is a crime of violence for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A term of imprisonment includes "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B). Thus, a term of imprisonment includes "all parts of a sentence of imprisonment from which the sentencing court excuses the defendant, even if the court itself follows state-law usage and describes the excuse with a word other than 'suspend.'" United States v. Ayala-Gomez, 255 F.3d 1314, 1319 (11th Cir. 2001) (interpreting 8 U.S.C. § 1101(a)(48)(B)). In Ayala-Gomez, the alien had been sentenced to five years' confinement, but upon service of eight months of the sentence, the alien could serve the remainder of the sentence on probation. Id. at 1316-17. We held that the alien's term of imprisonment was five years, not eight months, because the term of imprisonment included the part of the sentence probated under state law. Id. at 1319.

As an initial matter, the only issue Botes raises on appeal is whether he committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Therefore, we have jurisdiction to consider whether the BIA erred in denying his motion to reconsider. See Hernandez, 513 F.3d at 1339.

Nevertheless, the BIA did not abuse its discretion in denying Botes's motion to reconsider because it correctly determined that Botes had been sentenced to a term of imprisonment of at least one year. Like the alien in Ayala-Gomez, Botes was sentenced to at least one year. See 255 F.3d at 1316. Additionally, both Botes and the alien in Ayala-Gomez were allowed to serve less than a year in confinement with the remainder of their sentences being served on probation. See id. at 1316-17.[1] Thus, like the alien in Ayala-Gomez, the part of Botes's sentence that was "probated under Georgia law" was part of his term of imprisonment even though the sentencing court did not describe its sentence as "suspended." Ayala-Gomez, 255 F.3d at 1319. Finally, Botes's argument that the Order to Clarify Sentence modified his sentence and caused his term of imprisonment to be less than one year is meritless. According to the Order to Clarify Sentence, Botes's sentence was 12 months, of which 60 days had to be served in custody and of which 10 months could be served on probation. This sentence does not differ from the sentence imposed in his original sentencing order, which was also a 12-month sentence, of which 60 days was to be served in custody and of which the remaining 10 months could be served on probation.

---

[1] Unlike the alien in United States v. Guzman-Bera, Botes did not receive a sentence of direct probation because he was not sentenced only to 10 months' probation. See 216 F.3d 1019, 1021 (11th Cir. 2000). Rather, Botes was sentenced to a 12-month sentence, of which he was permitted to serve 10 months on probation.

Therefore, Botes was convicted of an aggravated felony because he was sentenced to a term of imprisonment of at least one year, and we deny his petition for review.

**PETITION DENIED.**