[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14068
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00079-TWT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BASILIO PARRA-GUZMAN,
a.k.a. Daniel Guzman-Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2016)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Basilio Parra-Guzman appeals his 24-month sentence, imposed after he pled guilty to one count of illegal re-entry by a previously deported alien, in violation of 8 U.S.C. § 1326(a).  On appeal, Parra-Guzman argues that his previous Georgia conviction for family violence battery under Ga. Code Ann. §§ 16-5-23.1(a), (f) should not be considered an aggravated felony that would support an eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C).[1]  After review, we affirm.

## I.  DISCUSSION

Section 2L1.2(b)(1)(C) of the Sentencing Guidelines provides that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony, increase by 8 levels."  U.S.S.G. § 2L1.2(b)(1)(C).  The Application Notes for that Guideline define "aggravated felony" as having the same meaning as given to that term in 8 U.S.C. § 1101(a)(43).  U.S.S.G. § 2L1.2 cmt. n.3(A).  Section 1101 includes in its definition of aggravated felony "a crime of violence," as defined in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F).  A crime of violence is defined in § 16(a) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).

---

[1]We review *de novo* decisions of whether a prior conviction qualifies as an aggravated felony for purposes of a sentencing enhancement under § 2L1.2(b)(1)(C).  *See United States v. Ayala-Gomez*, 255 F.3d 1314, 1316 (11th Cir. 2001).

Georgia law divides the crime of battery into three major categories, with each requiring a higher level of injury. A person commits simple battery under Ga. Code Ann. § 16-5-23(a) when he or she either "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another" or "[i]ntentionally causes physical harm to another." A person commits battery under Ga. Code Ann. § 16-5-23.1(a) when he or she "intentionally causes substantial physical harm or visible bodily harm to another." A person commits aggravated battery under Ga. Code Ann. § 16-5-24(a) when he or she "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."

A person can be convicted of a family violence battery when he or she "intentionally causes substantial physical harm or visible bodily harm" to one of a list of specified family members. Ga. Code Ann. §§ 16-5-23.1(a), (f). Visible bodily harm is defined as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts." Ga. Code Ann. § 16-5-23.1(b).

In *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336 (11th Cir. 2008), this Court analyzed whether a simple battery conviction in Georgia, under the "intentionally

3

causes physical harm" prong in Ga. Code Ann. § 16-5-23(a)(2), constituted a "crime of violence" under 18 U.S.C. § 16(a). *Hernandez*, 513 F.3d at 1338. This Court explained that a conviction under this prong "required more than simple physical contact with the victim; it required intentionally causing *physical harm* to the victim through physical contact." *Id.* at 1340 (citing *Hammonds v. State*, 587 S.E.2d 161, 163 (Ga. Ct. App. 2003)). This Court concluded that a conviction under § 16-5-23(a)(2) constituted a "crime of violence" mainly because Georgia courts had interpreted the language of the statute to require "actual physical contact that inflicts pain or injury." *Id*.

Parra-Guzman argues that the precedential scope of our decision in *Hernandez* has been eroded by the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010). In *Johnson*, the Supreme Court held that Florida's battery statute, which required "[a]ctually and intentionally touch[ing]" another person, "no matter how slight" the physical contact, did not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) because it did not have "as an element the use . . . of physical force against the person of another." *Johnson*, 559 U.S. at 135-45, 130 S. Ct. at 1268-74 (quotation marks omitted). Specifically, the Supreme Court held that "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Id.* at 140, 130 S. Ct. at 1271.

4

We need not decide whether *Johnson* applies to the definition of a "crime of violence" in 18 U.S.C. § 16(a). Even assuming *Johnson* applied to § 16(a), it would not be of any use to Parra-Guzman. Again, as this Court stated in *Hernandez*, Georgia courts have interpreted the causing-physical-harm element in § 16-5-23(a)(2) as requiring "actual physical contact that inflicts pain or injury." *Hernandez*, 513 F.3d at 1340. We see no meaningful difference between that characterization and the definition of "violent force" used in *Johnson*, i.e. "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140, 130 S. Ct. at 1271. As such, we do not see how *Johnson* abrogates our decision in *Hernandez* that a conviction under § 16-5-23(a)(2) constitutes a "crime of violence" under 18 U.S.C. § 16(a).

The only difference between the simple battery definition in § 16-5-23(a)(2) at issue in *Hernandez* and the battery definition in § 16-5-23.1(a) at issue here is that the battery definition here actually requires a greater level of physical or bodily injury. If intentionally causing physical harm to another qualifies as a "crime of violence," then certainly intentionally causing "substantial" physical harm or visible bodily harm to another, as Parra-Guzman was convicted of doing, qualifies as a "crime of violence."

## II. CONCLUSION

5

The district court did not err in concluding that Parra-Guzman's family violence battery conviction under Ga. Code Ann. §§ 16-5-23.1(a), (f) is a crime of violence, therefore making it an aggravated felony for purposes of applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).  Therefore, we affirm Parra-Guzman's 24-month sentence.

**AFFIRMED.**