[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12114
Non-Argument Calendar
_____

Agency No. A060-009-810

CHAD PARCHMENT-BERRY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 17, 2018)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Chad Parchment-Berry, a native of Jamaica, appeals the final order of the Board of Immigration Appeals upholding the Immigration Judge's determination that he was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).  Specifically, the IJ concluded that Parchment-Berry was removable for having committed a "crime of violence," as defined by 18 U.S.C. § 16(a), because of his Florida conviction for robbery with a weapon under Fla. Stat. § 812.13(1).[1]  On appeal, Parchment-Berry argues that his robbery offense is not a "categorical match" to § 16(a) because it is "overbroad to the federal definition of a crime of violence."

Section 16 defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[2]  In determining whether a state conviction is a "crime of violence," this Court "examine[s] what the state conviction necessarily involved, not the facts underlying the case" and "must

---

[1] Florida's robbery statute defines robbery as:

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

[2] The Supreme Court recently held that the "residual clause" of the crime of violence definition found in 18 U.S.C. § 16(b) is unconstitutionally vague.  *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018).

2

presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (quotations omitted).

Parchment-Berry argues that the Florida robbery statute is not a crime of violence because it does not necessarily involve "the use, attempted use, or threatened use of physical force." Specifically, he points to the fact that one can be convicted for robbery in Florida not just for the "use of force, violence, [or] assault," but also for "putting [another] in fear." The problem with this contention, however, is what Parchment-Berry calls the "800 pound pink gorilla in the room"—namely, that we have already held that Fla. Stat. § 812.13(1) is a "crime of violence" in the context of the Armed Career Criminal Act, 18 U.S.C. § 924(e) and the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(1). *See United States v. Seabrooks*, 839 F.3d 1326, 1341 (11th Cir. 2016); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011). Because § 16(a)'s definition of "crime of violence" is essentially identical to the definitions in § 924(e) and § 4B1.2(a)(1), we conclude—based on *Seabrooks* and *Lockley*—that Fla. Stat. § 812.13(1) is a "crime of violence" within the meaning of § 16(a). *See Hernandez v. U.S. Att'y. Gen.*, 513 F.3d 1336, 1341 (11th Cir. 2008) (relying on a Guidelines decision to hold that a Georgia offense is a crime of violence under § 16(a) because the

3

"sentencing enhancement defined the term 'crime of violence' just as it is defined in 18 U.S.C. § 16(a)").

Parchment-Berry argues that these decisions were incorrect.  But that contention cannot carry the day; those decisions "[are] binding on all subsequent panels unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).  *See also United States v. Lee*, 886 F.3d 1161, 1164–65 (11th Cir. 2018) (holding that *Seabrooks* and *Lockley* remain good law).  We are thus compelled to conclude that Parchment-Berry's robbery conviction qualified as a crime of violence under 18 U.S.C. § 16(a).  Accordingly, the BIA correctly determined that Parchment-Berry was removable based on his conviction of an aggravated felony.

**PETITION DENIED.**