[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13614
Non-Argument Calendar

_____

BIA No. A77-281-050

LI FANG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 27, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Li Fang Lin ("Lin"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order, affirming the Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").

## I. Adverse Credibility Determination

On appeal, Lin first argues that she provided reasonable explanations for her prior conflicting statements, and therefore, that the IJ's credibility assessment was not entitled to deference. Specifically, Lin argues that during the airport interview, where she stated that she did not fear being harmed if she were returned to China, she was unable to understand the interpreter, was scared, and did not understand the legal meaning of the word "persecution." She argues further that the inconsistencies relied upon by the IJ and BIA, including conflicting statements regarding the number of hours per week that she worked in China, and her reasons for coming to the United States, were either minor, unrelated to her asylum application, or attributable to translation errors.

Where the BIA does not expressly adopt the IJ's findings below, we review only the BIA's decision. *Arboleda v. U.S. Att'y Gen.*, 434 F.3d 1220, 1222 (11th Cir. 2006) (per curiam). Although the BIA in this case did not expressly and specifically adopt the IJ's decision or the IJ's reasoning, insofar as it agreed with the IJ's findings regarding credibility without making its own findings or offering further analysis, we review the decisions of both the IJ and the BIA. *See Al Najjar*

2

*v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

The IJ's factual determinations are reviewed under the "substantial evidence test," which requires us to affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation marks omitted). The IJ's findings of fact may be reversed only when the record compels reversal, and "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Tan v. U.S. Att'y. Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (internal quotation marks omitted).

"Credibility determinations likewise are reviewed under the substantial evidence test," and we may not substitute our judgment for that of the factfinder with respect to credibility findings. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). Where the applicant produces no evidence other than her testimony, an adverse credibility determination is alone sufficient to support the denial of relief. *Forgue*, 401 F.3d at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id.* (citing *D-Muhumed*, 388 F.3d at 819).

The IJ gave specific, cogent reasons for finding that Lin was not credible when she claimed that she had suffered past persecution in China due to her

political opinion, and these reasons are supported by substantial record evidence. Because nothing in the record would compel a reasonable adjudicator to conclude that Lin presented a credible claim for asylum, withholding of removal, or CAT relief, the BIA did not err in upholding the IJ's adverse credibility determination.

## II. Ineffective Assistance of Counsel

Lin next argues that her former counsel failed to file a supporting brief with the BIA, and that this failure resulted in the denial of her appeal. Lin maintains that her due process rights to the effective assistance of counsel in her removal proceedings were violated by this failure, and therefore, her case should be remanded.

Pursuant to 8 U.S.C. § 1252(d)(1), a final order of removal is reviewable only if "the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *See Fernandez-Bernal v. Attorney General*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Because "we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking," whether Lin exhausted her administrative remedies with regard to her ineffective assistance of counsel claim before the BIA must be addressed, even though neither party raises this issue in its brief. *See Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam).

4

Because the BIA has procedures to address and resolve an ineffective assistance of counsel claim through a motion to reopen, Lin could have raised her ineffective assistance of counsel claim before the BIA. *See, e.g.*, *Matter of Lozada*, 19 I. & N. Dec. 637, 640 (1988). Insofar as Lin has not filed a motion to reopen motion, and the BIA therefore has not made any determination with regard to this claim, she has not exhausted administrative remedies, and we are without jurisdiction to review this claim. *See Fernandez-Bernal*, 257 F.3d at1317 n.13. Moreover, because Lin's challenge to the IJ's adverse credibility determination was adequately presented before the BIA in her notice of appeal, she has failed to establish that the filing of a supporting brief would have changed the BIA's decision, which was based entirely on the IJ's adverse credibility finding. Therefore, even assuming that jurisdiction exists, Lin's ineffective assistance of counsel claim fails on the merits. Accordingly, we deny her petition for review.

**DENIED.**