[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17093
Non-Argument Calendar

_____

Agency No. A089-157-024

IRWIN JESUS CADENAS-CASTELLANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 7, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Irwin Jesus Cadenas-Castellano, a citizen of Venezuela, petitions this Court for review of the Board of Immigration Appeals'(BIA) affirmance of the Immigration Judge's (IJ) decision denying his applications for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231. On appeal, Cadenas-Castellano argues (1) the IJ failed to explicitly make an adverse credibility finding and substantial evidence does not support the IJ's adverse credibility determination, and (2) he has established a well-founded fear of persecution based on his political opinion as well as his membership in a particular social group.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). The BIA adopted the IJ's findings, so we will review the IJ's opinion as well as the BIA's ruling. *Id.* Issues of legal interpretation are reviewed *de novo*, *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008), and "administrative fact findings under the highly deferential substantial evidence test," *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under this test, we will not reverse the BIA's factual finding unless the record compels it. *Id.* at 1027. "We must affirm the agency's decision unless there is no reasonable basis for that decision." *Id.* at 1029.

I.

2

Cadenas-Castellano argues the IJ failed to make her adverse credibility finding in an explicit manner, and he was therefore entitled to a rebuttable presumption of credibility on appeal. Cadenas-Castellano also argues substantial evidence does not support the IJ's adverse credibility determination, as any inconsistencies in his testimony were merely innocent omissions.

We review our subject matter jurisdiction *de novo*, and "we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "Thus, if an alien fails to challenge an adverse credibility determination in his appeal to the BIA, we lack jurisdiction to consider such a challenge in his petition for review." *Amaya-Artunduaga*, 463 F.3d at 1250.

On appeal to the BIA, Cadenas-Castellano did not challenge or brief the IJ's adverse credibility determination. Because Cadenas-Castellano failed to raise and pursue a challenge to his adverse credibility determination before the BIA, we lack jurisdiction to consider the issue and must dismiss the petition regarding this claim. *Amaya-Artunduaga*, 463 F.3d at 1250. Even assuming jurisdiction, however, Cadenas-Castellano has failed to show the IJ's adverse credibility determination was not based on substantial evidence. The record supports the IJ's determination, as (1) Cadenas-Castellano's testimony conflicted with his asylum application on

3

numerous occasions as described by the IJ, (2) Cadenas-Castellano provided

"disingenuous answers" regarding his trips to the United States, and (3) some of

Cadenas-Castellano's testimony was implausible.

II.

Cadenas-Castellano contends he has established a well-founded fear of

persecution based upon: (1) political opinion due to his affiliation with the

Venezuelan Association of Financial Rights and the placement of his name on the

Tascon list, and (2) membership in a particular social group because he is an HIV

infected homosexual who was denied HIV treatment by the Venezuelan

Government due to his political opinion. Cadenas-Castellano also argues the IJ

made no finding as to him seeking asylum based on his membership in the HIV

homosexual social group.

An alien may establish eligibility for asylum if he shows he has suffered

either "past persecution" or has a "well-founded fear" of future persecution. 8

C.F.R. § 208.13(b). "To establish asylum based on past persecution, the applicant

must prove (1) that [he] was persecuted, and (2) that the persecution was on

account of a protected ground." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d

1223, 1232 (11th Cir. 2007). A well-founded fear may be established by showing

(1) past persecution that creates a presumption of a "well-founded fear" of future

persecution, (2) a reasonable possibility of being singled out for persecution that

4

cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which he is a part. 8 C.F.R. § 208.13(b)(1), (2). We have indicated "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted).

Substantial evidence in the record supports the IJ's determination that Cadenas-Castellano failed to establish past persecution in Venezuela, or a well-founded fear of future persecution if he returned to Venezuela, on account of his membership in a particular social group or on account of his political opinion. As noted by the IJ, nothing in the record supports a conclusion that Cadenas-Castellano was persecuted. Cadenas-Castellano was never arrested, detained, or interrogated in Venezuela, he had been employed and was never denied employment in the past, he was allowed to travel extensively around the world, and he traveled in and out of the United States on numerous occasions. Absent a presumption Cadenas-Castellano will be persecuted in the future because he is a victim of past persecution, the record does not compel the conclusion that there is a

reasonable probability he would be singled out for future persecution. Accordingly,

he neither qualifies for asylum or withholding of removal on these grounds.[1]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1] Because Cadenas-Castellano failed to meet his burden of proof on his asylum claim, he also necessarily failed to meet his burden of proof on his withholding of removal claim. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292-93 (11th Cir. 2001) (noting if an applicant is unable to meet the more stringent "well-founded fear" standard for asylum, he is generally unable to qualify for withholding of removal).