[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13726
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2011
JOHN LEY
CLERK

Agency No. A098-397-929

ALTIN MARTINI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 23, 2011)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Altin Martini, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Martini argues that: (1) the IJ erred in denying his applications for asylum and withholding of removal because he showed that he had suffered past persecution on account of his political opinion and likely would suffer future persecution if he returned to Albania; and (2) the BIA erred in denying his application for CAT relief because he established that it was more likely than not that he would be tortured by agents of the Albanian government if he returned to Albania. The government responds that we lack jurisdiction to review the BIA's determination that Martini's asylum application was time-barred. After careful review, we dismiss the petition in part, and deny it in part.

We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). When considering a petition for review, we review legal issues de novo. Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The IJ's factual findings are reviewed under the substantial-evidence test. Id. Under this test, we must affirm the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation omitted). "To reverse a factual finding by the [IJ], [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar, 257 F.3d at 1284.

As an initial matter, we agree with the government that we lack jurisdiction to review the BIA's determination that Martini's asylum application was time-barred. An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period . . . ." 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to review decisions of the Attorney General regarding whether an alien timely filed an asylum application or established extraordinary circumstances to excuse an untimely filing. 8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). Nevertheless, we retain jurisdiction to

3

review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the BIA's determination that Martini's application for asylum was time-barred. As for Martini's claim that the IJ and BIA committed a constitutional or legal error by failing to defer to the asylum officer's findings regarding the timeliness of his asylum application, he cites no constitutional or legal provisions that would require such deference. Thus, 8 U.S.C. § 1252(a)(2)(D) does not restore jurisdiction over this claim. And in any event, the asylum officer's referral notice does not address the timeliness of Martini's asylum application and specifically says that its determinations are not binding on the IJ. Accordingly, we lack jurisdiction over Martini's challenge to the BIA's denial of asylum, and dismiss this portion of the petition for review.

Turning to the remainder of the petition, we are unpersuaded by Martini's claim that the IJ erred in denying his application for withholding of removal. An alien is entitled to withholding of removal if he can show that, upon removal, "his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "The alien bears the burden of demonstrating that it is more likely than not [that he] will be persecuted or tortured upon being returned

4

to [his] country." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted). An alien may establish eligibility for withholding of removal by demonstrating that he has suffered past persecution based on a protected ground. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). If the alien makes such a showing, the burden shifts to the government to show that (1) the conditions in the country have changed, or (2) the alien could avoid a future threat of persecution through relocation. Id. "An alien who has not shown past persecution . . . may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Mendoza, 327 F.3d at 1287.

The IJ's denial of withholding of removal in this case was supported by substantial evidence because, among other things, Martini failed to show that he more likely than not would be persecuted on a protected ground if he returned to Albania. As the record shows, Martini testified that the harassment he experienced at school was due to his family's affiliation with the Democratic Party. According to the 2008 Country Report, however, Albania's government is a parliamentary democracy and political parties operate without restriction or outside interference. Although the Country Report indicates that some police corruption remains, there is no indication that the police would target Martini based upon his political opinion if he were to

return to the country, especially in light of the fact that the Democratic Party is now in power.

Nor do we find merit in Martini's claim that the BIA erred in denying his application for CAT relief. An alien is entitled to CAT protection if he shows that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is an "extreme form of cruel and inhuman treatment" that causes "severe pain or suffering, whether physical or mental." 8 C.F.R. § 208.18(a)(1), (2). The pain or suffering must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

The BIA properly denied CAT relief because, among other things, Martini failed to show that it is more likely than not that he would be tortured if removed to Albania. As we noted above, the Country Report indicates that conditions in Albania have improved such that the Democratic Party that Martini's family supported is now in power. Therefore, we deny the petition for review to the extent that Martini seeks to challenge the denial of withholding of removal and CAT relief, and dismiss the petition for review to the extent that Martini challenges the BIA's denial of asylum.

**PETITION DISMISSED IN PART, DENIED IN PART.**