[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15156
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

Agency No. A099-546-835


LIZ MARIAN LANDER MARTINEZ,
JULIO ENRIQUE BLANCO CHIRINOS,
MARIAN ALEJANDRA BLANCO LANDER,

                                                            Petitioners,


                              versus


U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 1, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Liz Lander Martinez, a native and citizen of Venezuela, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Martinez asserted that she was eligible for relief based on her political opinion and membership in a particular social group. The IJ and BIA determined that Martinez was not credible and denied relief. After thorough review, we deny Martinez's petition.

I.

As an initial matter, we lack jurisdiction to review the BIA's denial of asylum because the BIA found that Martinez's asylum application was untimely. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir 2005) (explaining that "8 U.S.C. § 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse [her] untimely filing" of an asylum application). We therefore dismiss that portion of Martinez's petition for review. Our review is limited to the denial of her application for

2

withholding of removal and CAT relief.[1]

## II.

"Where the BIA issues a decision, we review that decision, except to the extent that it expressly adopts the IJ's opinion." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Najjar v. U.S. Att'y Gen., 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA issued its own decision in which it relied on the IJ's findings, we will review both decisions. See Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008).

We review the BIA's and IJ's conclusions of law de novo, but we review findings of fact, including credibility determinations, for substantial evidence to support them. Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009); Chen, 463 F.3d at 1230–31. The substantial evidence test is highly deferential. Najjar, 257 F.3d at 1284. We "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a

---

[1] Martinez included her husband Julio Enrique Blanco Chirinos and her daughter Marian Alejandra Blanco Lander as derivative beneficiaries in her asylum application. The statutes and regulations governing withholding of removal and CAT relief do not create derivative rights. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) (holding that the withholding-of-removal statute does not create derivative rights); 8 C.F.R. § 208.16(c) (discussing eligibility of applicant for CAT relief but not derivative beneficiaries). Thus, Blanco Chirinos and Blanco Lander are not entitled to relief.

whole." Id. (quotation marks omitted).  In making that determination, "[w]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision, and we will reverse the agency's findings only if the record compels a reasonable fact finder to find otherwise." Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1324 (11th Cir. 2010) (citations and quotation marks omitted).

Under 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005,  a credibility determination may be based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  An adverse-credibility determination alone may be sufficient to support the denial of relief, especially if the applicant fails to produce corroborating evidence.  Chen, 463 F.3d at 1231.  "If the IJ explicitly determines that the alien lacks credibility, the IJ must offer specific, cogent, reasons for the finding."  Id.  The burden then shifts to "the applicant alien to show that the . . . credibility decision was not supported by 'specific, cogent  reasons' or was not based on substantial evidence."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Substantial evidence supports the BIA's and IJ's adverse credibility

4

determination. As the basis for the adverse credibility finding, the BIA and IJ pointed to specific inconsistencies between Martinez's asylum application, testimony at the removal hearing, asylum interview, and the documentary evidence that she submitted. Specifically, the BIA and IJ pointed out that there were numerous discrepancies regarding the details of Martinez's alleged persecution and dates significant to her claim, such as when she joined the Democratic Action Party. After review of the evidence, we conclude that the record does not compel us to overturn the adverse credibility finding. Accordingly, Martinez has not carried her burden of showing past persecution or a likelihood of future persecution entitling her to withholding of removal. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

We also find that substantial evidence supports the BIA's and IJ's denial of CAT relief. Martinez has failed to carry her burden of showing that she would more likely than not be tortured by, or with the acquiescence of, the Venezuelan government upon deportation. See Mehmeti, 572 F.3d 1196, 1201 (11th Cir. 2009). Accordingly, we deny Martinez's petition for review.

PETITION DISMISSED IN PART AND DENIED IN PART.