[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13145
Non-Argument Calendar
_____

Agency No. A200-615-725


LAVATHAS MUTHTHIAH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 4, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Lavathas Muththiah, an ethnic Tamil and native and citizen of Sri Lanka,

appeals the Board of Immigration Appeals's (BIA) order affirming the

Immigration Judge's (IJ) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA).[1]  On petition for review, Muththiah raises three challenges:  (1) the BIA erred in concluding that any past persecution suffered or future persecution feared was not on account of Muththiah's Tamil ethnicity; (2) the BIA improperly engaged in factfinding and erroneously concluded that Muththiah did not demonstrate a well-founded fear of future persecution based on his efforts to secure asylum in the United States; and (3) both the IJ and BIA erred by failing to engage in a "mixed motive analysis" of Muththiah's claims.

## I.

Muththiah argues that the record evidence compels a conclusion that his past persecution and fear of future persecution turn on his Tamil ethnicity, and that the BIA erred in denying his claims for asylum and withholding of removal by holding otherwise.

We only review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion.  Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007).  While legal determinations of the BIA are reviewed de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (2001), administrative fact findings

---

[1] Muththiah also sought relief under the United Nations Convention Against Torture (CAT), which the IJ and BIA denied.  However, he has abandoned any challenge to the BIA's denial of CAT relief because he did not raise the issue in his brief to this Court.  "When an appellant fails to offer argument on an issue, that issue is abandoned."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

are reviewed under the highly deferential substantial evidence test. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 820 (11th Cir. 2007). The BIA's decision will be affirmed "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). "Under the substantial-evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004). Thus, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (quotation marks omitted).

An applicant for asylum must meet the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A) (2006). The definition of "refugee" includes:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (2006). "To establish asylum eligibility, the petitioner must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." Ruiz v. U.S. Att'y

3

Gen., 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation marks omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Sepulveda, 401 F.3d at 1231; 8 C.F.R. § 208.13(b)(1) (2013).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations marks and brackets omitted). In the absence of a presumption of a well-founded fear created by a showing of past persecution, the applicant must show that there is a "reasonable possibility" of suffering persecution if he returns to his home country. 8 C.F.R. § 208.13(b)(2)(i)(B). The fear of persecution must be "subjectively genuine and objectively reasonable." Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001). The alien must also "establish a causal connection" or nexus between a statutorily protected ground and the feared persecution. Sepulveda, 401 F.3d at 1231. He can do so by "presenting specific, detailed facts showing a good reason to fear" he will be "singled out for persecution" on such ground. Id. (quotation marks omitted). Alternatively, the alien can show this nexus by establishing that there is a "pattern or practice" of persecution on that ground. See 8 C.F.R. § 208.13(b)(2)(iii)(A). The persecution of a particular group must be "systemic or pervasive" to amount to a "pattern or practice." In re A-M-, 23 I & N Dec. 737, 741 (BIA 2005).

4

An application for asylum made in removal proceedings is also considered to be a request for withholding of removal. See 8 C.F.R. § 1208.3(b) (2013). When an applicant fails to establish a claim of asylum on the merits, he necessarily fails to establish his eligibility for withholding of removal. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Muththiah claims that the record evidence compels reversal because it showed that his father was murdered by, Muththiah's life was threatened by, and Muththiah's family was extorted by paramilitary groups—possibly associated with the Sri Lankan government. Muththiah argues that State Department reports confirm that these paramilitary groups disproportionately target Tamils. Muththiah also claims that the evidence showed that his family still in Sri Lanka continues to receive threatening phone calls demanding money. Finally, Muththiah claims the evidence showed that he had a well-founded fear of reprisal from the smuggler who helped him leave because Muththiah informed the FBI about the smuggler.

We are not persuaded by Muththiah's argument. Substantial evidence supports the BIA's conclusion that Muththiah's asylum and withholding of removal claims failed because he did not establish either past persecution or a well-founded fear of future persecution on account of a statutorily protected factor. Even assuming that the past harm Muththiah and his family endured amounted to "persecution," nothing in the record linked that harm to the family's Tamil

5

ethnicity.  Muththiah could not identify the perpetrators and, by his own testimony, their threats turned on demands for money rather than his family's ethnicity.  It is true that the country reports and news articles entered into evidence showed that Tamils have been, and continue to be, subject to human rights abuses.  However, those same reports also indicated that other ethnicities were targeted by paramilitary groups, and that some of the paramilitary groups were themselves Tamil.

Because the record does not compel a conclusion that Muththiah was persecuted on account of his ethnicity, he does not benefit from presumption of a well-founded fear of future persecution.  In any event, the evidence does not demonstrate that Muththiah will be targeted for persecution based on his ethnicity if he returns to Sri Lanka.  Muththiah's claimed threat of persecution from the smuggler who he identified to authorities would not be based on a ground protected under the INA.  Finally, because Muththiah failed to prove he is entitled to asylum relief, he necessarily failed to demonstrate his eligibility for withholding of removal.  See Forgue, 401 F.3d at 1288 n.4.

## II.

Next, Muththiah contends that the BIA improperly engaged in factfinding and erroneously concluded that he did not demonstrate a well-founded fear of future persecution based on his attempt to secure asylum in the United States.

6

Department of Justice regulations provide that, "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the [BIA] will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv) (2013). In the context of a well-founded fear determination, this means that the BIA may not find facts or review de novo those facts found by the IJ. See Zhou Hua Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1311–14 (11th Cir. 2013). Additional regulations provide that asylum applications and associated records shall not be disclosed without the written consent of the applicant. 8 C.F.R. § 1208.6 (2013).

Muththiah argues first that the BIA made an improper finding of fact by noting that, pursuant to 8 C.F.R. § 1208.6, the asylum process in this country is confidential and thereby rejecting Muththiah's claim to fear of future persecution because of his current request for asylum. Second, Muththiah argues that the record compels a conclusion that he would be subject to future persecution based on his asylum application, particularly in light of his testimony that a bribe was required to secure safe release after his prior failed asylum attempt.

Muththiah's arguments in this regard fail as well. First, the BIA's reference to the confidentiality of asylum proceedings did not amount to a factfinding, but instead merely recited the law. See 8 C.F.R. § 1208.6. Second, substantial evidence undergirded the BIA's determination that Muththiah did not demonstrate

7

a well-founded fear of reprisal for seeking asylum. Specifically, Muththiah's family remained unharmed in Sri Lanka, and he was able to return safely to the country following a failed asylum attempt. Because Muththiah failed to satisfy his burden with respect to asylum relief on this ground, he likewise failed to establish eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

### III.

Finally, Muththiah argues that both the IJ and BIA erred by failing to engage in a "mixed motive" analysis of his claims.

Pursuant to 8 U.S.C. § 1252(d)(1), a final order of removal is reviewable only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1) (2006). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. See Fernandez-Bernal v. Att'y Gen. of U.S., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). We "must inquire into subject matter jurisdiction sua sponte whenever it may be lacking." See Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Thus, we address whether Muththiah exhausted his administrative remedies with regard to his "mixed motive" claim before the BIA, even though neither party raises the issue in their brief.

Muththiah's notice of appeal to the BIA challenged the IJ's findings and conclusions regarding past persecution and his fear of future persecution, but it

8

made no mention of the IJ's alleged failure to perform a "mixed motive" analysis of his claims.  We therefore lack jurisdiction to entertain the "mixed motive" challenge.[2]   <u>Fernandez-Bernal</u>, 257 F.3d at 1317 n.13.

For these reasons, we deny Muththiah's petition in part and dismiss the petition in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[2] Muththiah's counsel unsuccessfully moved to extend the briefing schedule and filed a statement in lieu of a brief rather than briefing the appeal to the BIA.  The statement explained that "[c]ounsel previously filed an extensive closing argument in this matter as well as providing information in the Notice of Appeal as to errors in the Judge's decision."  Because this statement in lieu of a brief did not add any argument about whether the IJ improperly failed to perform a mixed-motive analysis, we rely solely on the notice of appeal to the BIA in determining whether Muththiah's mixed-motive analysis claim is properly before us.