[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11173
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00319-SCJ-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERON YANES-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 11, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Eron Yanes-Cruz pled guilty to illegally reentering the United States after being deported, *see* 8 U.S.C. § 1326(a)(b)(2), and was sentenced by way of downward variance to 16 months' imprisonment.  He appeals his sentence, arguing that his 2010 Georgia battery conviction does not qualify as an "aggravated felony" for purposes of an 8-level enhancement under U.S.S.G. § 2L.1.2(b)(1)(C), and that the district court therefore erred when it used that conviction to apply the enhancement.   Mr. Yanes-Cruz also contends that his 16-month sentence— imposed as a variance below his 18-24 month advisory guideline range—is excessive, and thus, substantively unreasonable, in light of the factors set forth in 18 U.S.C. § 3553(a).

Upon review of the parties' brief and record, we conclude that the district court did not err in either respect.  Accordingly, we affirm.

## I

Mr. Yanes-Cruz, a citizen of Mexico, was arrested in Gwinnett County, Georgia in July of 2010 on two counts of aggravated assault, two counts of battery, two counts of cruelty to children, and one count of second degree criminal damage to property.[1]  He was convicted of battery under Georgia Code Ann. § 16-5-23.1(a)

---

[1] According to the pre-sentence report, Mr. Yanes-Cruz was arrested after an incident involving Ana Garcia, a woman with whom he had a previous relationship, and Juan Pineda-Serrano.  PSR at 11.  Ms. Garcia reported that Mr. Yanes-Cruz confronted her via text message after seeing Mr. Pineda-Serrano's truck at her house.  Mr. Pineda-Serrano called Mr. Yanes-Cruz, and an argument ensued.  When Mr. Yanes-Cruz arrived at Ms. Garcia's home, he smashed in the glass front door, causing Ms. Garcia to sustain cuts to her legs from the flying

and of second-degree criminal damage to property. In January of 2011, he was physically removed from the United States based on the reinstatement of a previously issued order of removal.

In May of 2014, Mr. Yanes-Cruz was arrested in Clayton County, Georgia, for various traffic offenses. He was subsequently taken to Gwinnett County, Georgia, on an outstanding probation violation warrant. There, he met with Immigration and Customs Enforcement officials because his immigration record revealed that he had been ordered removed from the United States on two prior occasions and had reentered the United States without permission. He eventually pled guilty to illegal reentry in violation of 8 U.S.C.§ 1326(a), (b)(2).

Mr. Yanes-Cruz had a base offense level of 8 for illegal reentry pursuant to U.S.S.G. § 2L.1.2(a), and received an 8-level enhancement under § 2L1.2(b)(1)(C) because he had previously been deported after being convicted of an "aggravated felony"—the 2010 Georgia battery conviction. Mr. Yanes-Cruz objected to the enhancement, arguing that the battery conviction did not meet the definition of an aggravated felony under § 2L1.2(b)(1)(C). The district court, however, overruled the objection. Mr. Yanes-Cruz's total offense level was reduced by 3 levels for

---

glass. *Id.* During a physical altercation with Mr. Pineda-Serrano, Mr. Yanes-Cruz drew a semi-automatic handgun and pointed it at Mr. Pineda-Serrano, who wrestled the handgun away from Mr. Yanes-Cruz. During the struggle, Mr. Yanes-Cruz struck Mr. Pineda-Serrano with a brick, causing a laceration to Mr. Pineda-Serrano's right arm. *Id.* at 12. The law enforcement officers who responded to the scene also observed human bite marks on Mr. Pineda-Serrano's right shoulder and arm. *Id.* The entire incident was witnessed by Ms. Garcia's two young sons. *Id.*

acceptance of responsibility, resulting in a total offense level of 13 and a criminal history category of III, which in turn yielded an advisory guideline range of 18-24 months. *See* D.E. 47 at 22.

Mr. Yanes-Cruz asked the district court to impose a sentence of time served by way of a departure or a variance based on the factors set forth in 18 U.S.C. § 3553(a). The district court stated that, based on the § 3553(a) factors, it had to consider not only the nature and circumstances of the offense, but also the deterrence impact of the sentence. *Id.* at 40. The court also stated that it could not overlook the fact that Mr. Yanes-Cruz had illegally reentered the United States on three separate occasions. *Id.* The district court further stated that, although it did not believe Mr. Yanes-Cruz was entitled to credit for time served while in the custody of Gwinnett County officials, it did agree that crediting him for time served in ICE custody was appropriate. *Id.* at 40–41. Consequently, the court varied downward and sentenced Mr. Yanes-Cruz to 16 months' imprisonment. *Id.* at 41, 44.

## II

We review *de novo* a district court's determination that a prior conviction qualifies as an aggravated felony for purposes of an enhancement under § 2L1.2(b)(1)(C). *See United States v. Ayala-Gomez*, 255 F.3d 1314, 1316 (11th Cir. 2001).

**A**

In relevant part § 2L1.2(b)(1)(C) states that, "[i]f the defendant previously was deported, . . . after . . . a conviction for an aggravated felony, [the offense level] increase[s] by 8 levels." The commentary defines an "aggravated felony" by using the definition set forth in 8 U.S.C. § 1101(a)(43) of the Immigration and Nationality Act. *See* U.S.S.G. § 2L1.2, cmt. (n.3(A)). The INA includes in its definition of "aggravated felony" a "crime of violence" as defined in 18 U.S.C. § 16. *See* 8 U.S.C. § 1101(a)(43)(F). A "crime of violence," in turn, is defined in § 16 as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

To determine whether a conviction qualifies as a "crime of violence" under § 16 (and therefore an "an aggravated felony" under § 2L1.2), we analyze the statute of conviction under the categorical approach. *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014). "Under this approach, we look no further than the statute and judgment of conviction, and compare only the elements of the statute forming the basis of the defendant's conviction and the generic definition of a crime of violence." *Id.* (internal quotation marks and citations omitted). We apply § 2L1.2 "if the statute on its face 'requires the government to establish, beyond a reasonable doubt and without exception,' an element involving the use,

5

attempted use, or threatened use of physical force against a person for every charge brought under the statute." *Id.* (quoting *Donawa v. U.S. Attorney Gen.*, 735 F.3d 1275, 1281 (11th Cir. 2013)). "[T]he categorical approach focuses on whether in every case a conviction under the statute *necessarily* involves proof of the element." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

In Georgia, "[a] person commits the offense of battery [by] intentionally caus[ing] substantial physical harm or visible bodily harm to another." O.G.C.A. § 16-5-23.1(a). Visible bodily harm is defined as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts." *Id.* § 16-5-23.1(b).

In *Hernandez v. U.S. Attorney Gen.*, 513 F.3d 1336 (11th Cir. 2008), we analyzed whether Georgia's simple battery statute, Ga. Code. Ann. § 16-5-23(a)(2), which makes it a crime to "intentionally cause[ ] physical harm to another," constitutes a crime of violence under § 18 U.S.C. 16(a). We explained that a conviction under § 16-5-23(a)(2) "require[s] more than simple physical contact with the victim; it require[s] intentionally causing *physical harm* to the victim through physical contact." *Hernandez*, 513 F.3d at 1338. (emphasis in original). We held that § 16-5-23(a)(2) constitutes a crime of violence because

6

Georgia courts have interpreted the language of the statute to require "actual physical contact that inflicts pain or injury." *Id.* at 1340.

We explained in *Hernandez* why *United States v. Griffith*, 455 F.3d 1339 (11th Cir. 2006), is relevant in the § 16(a) context*:*

> Although not an immigration case, *Griffith* is relevant here because a "crime of domestic violence" for purposes of 18 U.S.C § 922(g)(9) is defined to include an offense, . . . that ". . . has, as an element, the use or attempted use of physical force." . . . This is essentially the same definition of a "crime of violence" as in 18 U.S.C. § 16(a)[.] In *Griffith,* this Court discussed whether physical contact necessarily involves physical force and held that "[a] person cannot make physical contact—particularly of an insulting or provoking nature— with another without exerting some level of physical force." . . . In so holding, the *Griffith* Court expressly declined to insert the requirement of "violent" force before the words 'physical force' in the statutory definition of 'crime of violence' and concluded that the simple physical contact made illegal by § 16–5–23(a)(1) satisfied the 'use of physical force' definition of a "crime of violence" in § 921(a)(33)(A).

513 F.3d at 1340.

Logic dictates that the Georgia battery statute at issue here, § 16-5-23.1(a), which makes it a crime to "intentionally cause substantial physical harm or visible bodily harm," has as an element the use of physical force. This conclusion is supported by *Hernandez* and *Griffith*. As the government points out, if the simple battery statute at issue in *Hernandez*, which requires intentionally causing physical harm, satisfies § 16(a)'s definition of a "crime of violence," then the statute at issue in this case, which requires "substantial physical harm" or "visible bodily

7

harm . . . capable of being perceived by a person other than the victim," also satisfies § 16(a), as it necessarily requires a greater quantum of harm. *Cf. United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (finding it "inconceivable that an act which causes the victim to fear death or great bodily harm would not involve the use of physical force").

## B

Mr. Yanes-Cruz contends that the precedential scope of *Hernandez* and *Griffith* have been eroded by two Supreme Court cases: *Johnson v. United States*, 559 U.S. 133 (2010), and *United States v. Castleman*, 134 S. Ct. 1405 (2014). We disagree.

In *Johnson*, the Supreme Court held that Florida's battery statute, which includes as an element "actually and intentionally touching another person," "no matter how slight," does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C § 924(e), because it does not have "as an element the use . . . of physical force against the person of another." *See* 559 U.S. at 138–40. [2] The

---

[2] The Armed Career Criminal Act defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). This is virtually identical to the definition of "crime of violence" set forth in 18 U.S.C. § 16(a) and U.S.S.G. § 4B1.2(a)(1). "We have explained that '[c]onsidering whether a crime is a 'violent felony' under the ACCA is similar to considering whether a conviction qualifies as a 'crime of violence' under U.S.S.G. § 4B1.2(a) because the definitions for both terms are virtually identical.'" *United States v. Alexander,* 609 F.3d 1250, 1253 (11th Cir. 2010). *See also Johnson*, 559 U.S. at 140 (noting that the statutory definition of "violent felony" under § 924(e)(2)(B)(i) is very similar to the statutory definition of "crime of violence" under § 16(a)).

Court explained that, in the "context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis original). This suggests "a degree of power that would not be satisfied by the merest touching." *Id.* at 139. *See also United States v. Diaz-Calderone*, 716 F.3d 1345, 1349 (11th Cir. 2013) (explaining that "in *Johnson*, the Supreme Court held that even a slight touching, such as an unwanted tap on the shoulder, could satisfy the elements of Florida simple battery, and that therefore Florida simple battery did not require the use of physical force[ ]").

Unlike the simple battery statute at issue in *Johnson*, which someone can violate by merely touching another person, the Georgia statute at issue here requires "substantial physical harm or visible bodily harm." Such harm simply cannot be caused without the application of physical force—i.e., force capable of causing physical pain or injury to another person. *Johnson*, therefore, does not help Mr. Yanes-Cruz.

In *Castleman*, 134 S.Ct. at 1413, the Supreme Court held that the Tennessee offense of "intentionally or knowingly caus[ing] bodily injury" to another qualifies as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). In making this determination, the Court concluded that "'physical force' is satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law

9

battery conviction[, i.e., offensive touching]." *Id.* at 1413. Thus, *Castleman* actually supports the reasoning in *Hernandez* and *Griffith* by holding, albeit in a different context, that the physical force element applicable to § 922(g)(9) is satisfied by a common-law battery conviction, which generally does not require violent force. [3]

Based on *Hernandez* and *Griffith*, we hold that battery under Ga. Code Ann. § 16-5-23.1(a) qualifies as a "crime of violence" for purposes of 18 U.S.C. § 16. Therefore, we conclude that the district court did not err by enhancing Mr. Yanes-Cruz's sentence pursuant to § 2L1.2(b)(1)(C) based on his conviction under § 16-5-23.1(a).

### III

Mr. Yanes-Cruz also argues that his sentence is unreasonably harsh in light of the record and the § 3553(a) factors.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (en banc). "The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

---

[3] Under § 922(g)(9), a "misdemeanor crime of violence" is defined as "an offense that . . . has, as an element, the use or attempted use of physical force[.]" *Castleman*, 134 S. Ct. at 1409 (quoting 18 U.S.C. § 921(a)(33)(A)(ii)).

We will not vacate a sentence as substantively unreasonable unless we are left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *Irey*, 612 F.3d at 1190 (internal quotation marks and citation omitted). Although a district court is required to evaluate all of the § 3553(a) factors, it is permitted to assign different weight to each of the relevant factors. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). And a district court is not required to discuss all of the § 3553(a) factors. *See*, *e.g.*, *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) ("[W]e would not expect the district court in every case to conduct an accounting of every § 3553(a) factor[.]"); *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (holding that a district court does not commit "reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court[ ]").

Mr. Yanes-Cruz has failed to carry his burden of showing that his 16-month sentence—imposed below the advisory guideline range—is substantively unreasonable. After hearing from both parties—including Mr. Yanes-Cruz's statements in mitigation and letters from his family—the district court noted that, based on the § 3553(a) factors, it had to consider not only the nature and

11

circumstances of the offense, but other factors as well. *See* D.E. 47 at 40.  In addition, the court took into account that Mr. Yanes-Cruz had illegally reentered the country on three occasions. *See* D.E. 47 at 40.  Although Mr. Yanes-Cruz argues that the § 3553(a) factors support a substantially lower sentence, the district court was permitted to attach greater weight to the need for deterrence. *Shaw*, 560 F.3d at 1237.  In sum, the district court did not abuse its discretion in sentencing Mr. Yanes-Cruz's to 16-months' imprisonment.

## V

We affirm Mr. Yanes-Cruz's sentence. In so doing, we hold that Ga. Code Ann. § 16-5-23.1(a) qualifies as a "crime of violence" for purposes of 18 U.S.C. § 16, and therefore, constitutes an "aggravated felony" under U.S.S.G. § 2L.1.2(b)(1)(C).

**AFFIRMED.**